# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## LITTLE ROCK DIVISION

LAURA KENNEDY                                                    PLAINTIFF

v.                              No. 4:17-CV-00580-JM-JTR

NANCY A. BERRYHILL,
**Deputy Commissioner for Operations,**
**performing the duties and functions**
**not reserved to the Commissioner**
**of Social Security Administration**                           DEFENDANT


## RECOMMENDED DISPOSITION

### I.    Procedures for Filing Objections:

The following Recommended Disposition ("Recommendation") has been sent

to United States District Judge James Moody.  You may file written objections to all

or part of this Recommendation. If you do so, those objections must: (1) specifically

explain the factual and/or legal basis for your objection; and (2) be received by the

Clerk of this Court within fourteen (14) days of this Recommendation. By not

objecting, you may waive the right to appeal questions of fact.

### II.    Introduction:

Laura Kennedy ("Kennedy") applied for social security disability benefits

with an alleged disability onset date of June 1, 2011. (R. at 128) After conducting an

administrative hearing, the administrative law judge ("ALJ") denied her application. (R. at 20).

After the Appeals Council denied review (R. at 1), Kennedy requested judicial review. On December 22, 2014, the Court reversed and remanded her case for further consideration by the ALJ. (R. at 612–22).

On November 12, 2015, an ALJ conducted a second administrative hearing, during which Kennedy noted that she had amended her alleged disability onset date from June 1, 2009 to June 1, 2011. (R. at 552). The ALJ, after hearing testimony from Kennedy and Larry Seifert, an impartial vocational expert, again denied her application. (R. at 528, 539–79). The Appeals Council declined to assume jurisdiction. (R. at 508). Kennedy has now appealed to this Court.

For the reasons stated below, the Court recommends reversing and remanding the Commissioner's decision.

## III. <u>The Commissioner's Decision</u>:

In his decision, the ALJ found that, through the date last insured, Kennedy had the severe impairments of osteoarthritis, degenerative disk disease of the cervical spine, fibromyalgia, bilateral shoulder laxity, minimal osteoarthritis of the lumbar spine and sacroiliac joints, history of left knee arthroscopy, history of tick fever, attention deficit hyperactivity disorder, mood disorder/depression, adjustment disorder, and social anxiety. (R. at 520). According to the ALJ, these impairments

left Kennedy with the residual functional capacity ("RFC") to perform light work, except that she could occasionally climb ramps and stairs but never climb ladders, ropes, and scaffolds; occasionally balance, stoop, kneel, crouch, and crawl; occasionally work and/or reach overhead; work in an environment free of concentrated exposure to temperature extremes, humidity, and hazards including no driving as part of work; perform work involving simple, routine, repetitive tasks with incidental interpersonal contact and simple, direct, and concrete supervision. (R. at 522).

Because these impairments prevented Kennedy from returning to her past relevant work (R. at 527), the ALJ heard testimony from a vocational expert ("VE") about whether there were other jobs in the national economy that Kennedy could perform. The VE testified that Kennedy's RFC would allow her to work as a produce sorter, scaling machine operator, and laminating machine offbearer. (R. at 528). Thus, the ALJ held that Kennedy was not disabled. (R. at 528).

## IV.   Discussion:

While Kennedy argues the ALJ committed several errors, her primary ground for reversal is that the ALJ's RFC determination was based solely on the opinions of non-examining State Agency reviewing physicians who did not consider the *full medical record* in arriving at their medical conclusions. Because the Court concludes

that this argument has merit, it need not address Kennedy's other grounds for reversal.

As previously indicated, following remand in her first appeal, on November 12, 2015, Kennedy amended her disability onset date to June 1, 2011. Thereafter, almost all of the relevant medical evidence was generated between November 1, 2011, and September 30, 2015. (*See* R. at 364–507, 843–1253).

The record contains no opinion from a treating or examining physician discussing the effect of Kennedy's physical impairments on her ability to work. Rather than having Kennedy seen by a consulting physician, the ALJ gave substantial weight to the opinions of non-examining reviewing physicians. (R. at 525). The non-examining physicians rendered their respective opinions on *August 16, 2011*, and *October 12, 2011* (R. at 314, 363), well *before* most of the relevant medical evidence was generated. As a result, the most recent medical record reviewed by either of the reviewing physicians was August 9, 2011. (R. at 324–27). Thus, in formulating their medical opinions, which the ALJ relied on to support his RFC determination, the reviewing physicians did *not* consider any of the most relevant evidence supporting Kennedy's claim that, on and after June 1, 2011, she

was disabled, because all of that medical evidence was generated *after* the date of their respective opinions.[1]

Non-examining opinions of reviewing physicians are entitled to less weight than those of treating or consulting physicians who saw and examined the claimant. *Wildman v. Astrue*, 596 F.3d 959, 968 (8th Cir. 2010). The evidentiary value of the opinions of reviewing physicians is further eroded when they are expressed in the form of a checklist and where the reviewing physician did not have access to the full medical record. *McCoy v. Astrue*, 648 F.3d 605, 615–16 (8th Cir. 2011).

In this case, the first reviewing physician expressed his opinion in a checklist format, with a cursory summary of the reviewed records and the cryptic statement that "owing to MDIs of cervical DDD and FMS, and considering ADLs, RFC is light with only occasional overhead reaching." (R. at 307–14).[2]

The second reviewing physician's opinion is as follows: "I have reviewed all the evidence in the file and the assessment dated 8/16/11 is affirmed as written." (R.

---

[1] The great majority of the medical evidence reviewed by the non-examining physicians was generated *before* June 1, 2011, the amended onset of disability date. (R. at 218–26, 228–42, 242–58, 260–68, 271, 273–87, 328–54). Because Kennedy's medical treatment records extended through August 19, 2015, the reviewing physicians clearly did not have a full picture of Kennedy's medical condition during the relevant period of June 1, 2011 through September 30, 2015. (R. at 520).

[2] Despite the ALJ's statement that the reviewing physicians "provided specific reasons from the case record for their opinions," the ALJ's decision contains no citation to those parts of the medical record that support the opinions of the reviewing physicians, nor do the reviewing physicians' opinions contain any citation to any of the most relevant medical evidence generated well after they formulated and gave their opinions. (R. 525).

at 363). This opinion does not even include a checklist. Nevertheless, the ALJ concluded it was entitled to substantial weight.

The ALJ has a duty to fully and fairly develop the record independent of the claimant's burden to press his or her case. *Combs v. Berryhill*, 878 F.3d 642, 646 (8th Cir. 2017). "This duty includes the responsibility of ensuring that the record includes evidence from a treating physician, or at least an examining physician, addressing the particular impairments at issue." *Strongson v. Barnhart*, 361 F.3d 1066, 1071–72 (8th Cir. 2004). In this case, the record contains no assessment of Kennedy's physical abilities aside from the opinions of the two reviewing physicians, which are of almost no evidentiary value given: (1) the vague and perfunctory ways they are expressed; and (2) the fact that neither of the reviewing physicians considered any of the most relevant medical evidence supporting Kennedy's amended disability onset date of June 1, 2011, almost all of which was generated *after* they rendered their opinions. Thus, the Court concludes that substantial evidence does not support the ALJ's step 5 decision that Kennedy is not disabled.

## V.     Recommended Disposition:

Because the record as a whole does not contain sufficient evidence that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ

in this case, his decision should be reversed. *Richardson v. Perales,*, 402 U.S. 389, 401 (1971).

IT IS THEREFORE RECOMMENDED that the Commissioner's decision be REVERSED and REMANDED with instructions to develop the record as necessary by recontacting Kennedy's treating physicians or ordering consultative examinations.

DATED this 12th day of October 2018.

_____
UNITED STATES MAGISTRATE JUDGE